# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2361

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District of |
| v. | * | Minnesota. |
| | * | |
| Jermaine Terrell Jackson, | * | |
| | * | [TO BE PUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 16, 2001

Filed: January 8, 2002 (Corrected: 01/30/02)

_____

Before BYE, and BEAM, Circuit Judges, and GOLDBERG,[1] Judge.

_____

BYE, Circuit Judge.

Jermaine Jackson appeals his convictions of conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841, and use of a communication facility to facilitate a drug trafficking offense in violation of 21 U.S.C. § 843. Jackson contends the district court[2] erred by denying his request to waive a jury trial and by

_____

[1]The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

[2]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

admitting evidence of a prior conviction.  For the reasons set forth below, we affirm the judgment of the district court.

Jackson first argues the district court abused its discretion by denying his request to waive a jury trial pursuant to Federal Rule of Criminal Procedure 23.  We review a refusal to grant such a request for an abuse of discretion. Cf. Singer v. United States, 380 U.S. 24, 34 (1965) (explaining that "the duty of the trial court in [considering a defendant's jury-trial waiver] is not to be discharged as a mere matter of rote, but with sound and advised discretion") (quoting Patton v. United States, 281 U.S. 276, 312 (1930)).  Rule 23(a) provides: "Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing *with the approval of the Court and the consent of the government*."  Fed. R. Crim. P. 23(a) (emphasis added).[3] Here, because the government never consented to Jackson's *pro se* request, the district court did not abuse its discretion in denying it.  See United States v. Drefke, 707 F.2d 978, 983 (8th Cir. 1983) (per curiam) ("Denying [defendant] Jameson a non-jury trial was not error because the government refused to consent to Jameson's waiver of his right to a jury trial, as is required by Rule 23(a) of the Fed. R. of Crim. P.").[4]

Jackson next challenges the admission at trial of evidence regarding his 1993 conviction for possession of cocaine.  We review the admission of evidence under the

---

[3]The Supreme Court explicitly held that requiring the consent of both the prosecuting attorney and the trial judge for waiver of a jury trial is constitutionally sound.  Singer, 380 U.S. at 36.

[4]In Singer, the Supreme Court noted the possibility that "there might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that . . . insistence on trial by jury would result in the denial to a defendant of an impartial trial."  380 U.S. at 37.  Jackson, however, has failed to show the existence of any such compelling circumstances in this case.

Federal Rules of Evidence 404(b) for an abuse of discretion. United States v. Green, 151 F.3d 1111, 1113 (8th Cir. 1998).

Evidence of prior bad acts is not admissible under Rule 404(b) "solely to prove the defendant's criminal disposition," United States v. Shoffner, 71 F.3d 1429, 1432 (8th Cir. 1995), but is admissible to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Bad acts evidence is admissible if "(1) it is relevant to a material issue; (2) it is similar in kind and not overly remote in time to the crime charged; (3) it is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value." Green, 151 F.3d at 1113. Here, Jackson's defense at trial consisted of a general denial, which placed his state of mind at issue. See United States v. Thomas, 58 F.3d 1318, 1321 (8th Cir. 1995) (stating that Rule 404(b) evidence admissible when defendant places state of mind at issue, even if done by means of general-denial defense). However, Jackson argues the prior conviction is not probative of his intent because it allegedly involved only a small amount of cocaine and because it is too old to be admissible under Rule 404(b).

The record does not reflect the exact quantity involved in the present case. Nevertheless, we have previously held that "evidence of prior possession of drugs, even in an amount consistent only with personal use, is admissible to show such things as knowledge and intent of a defendant charged with a crime in which intent to distribute drugs is an element." United States v. Logan, 121 F.3d 1172, 1178 (8th Cir. 1997); see also United States v. Davidson, 195 F.3d 402, 408 (8th Cir. 1999) (stating that evidence of defendant's prior possession of personal use amount of methamphetamine admissible in prosecution for conspiracy to manufacture methamphetamine), cert. denied, 528 U.S. 1180, and, 529 U.S. 1093 (2000); United States v. Oates, 173 F.3d 651, 659-60 (8th Cir.) (rejecting defendant's argument that prior conviction involving 4.4 grams of crack cocaine was irrelevant to offenses at issue, which involved 53.1 grams of crack cocaine), cert. denied, 528 U.S. 890 (1999).

Additionally, the district court gave the jury a proper limiting instruction as to how it should consider the Rule 404(b) evidence.

Furthermore, although proximity in time is a factor in deciding whether to admit Rule 404(b) evidence, we have held that "there is no fixed period within which the prior acts must have occurred." United States v. Baker, 82 F.3d 273, 276 (8th Cir. 1996). The indictment here charged a conspiracy beginning in 1996. Thus, the prior 1993 conviction was only three years old and, in light of the circumstances in this case, properly admissible under Rule 404(b). See United States v. Hardy, 224 F.3d 752, 757 (8th Cir. 2000) (upholding the admission of 6-year old and 4-year old drug convictions under Rule 404(b)); United States v. Moore, 98 F.3d 347, 350 (8th Cir. 1996) (upholding the use of a prior drug conviction from 7 years earlier as proper Rule 404(b) evidence).

Jackson also argues that the prosecutor improperly referred to the 1993 drug conviction for possession as a drug trafficking offense in the opening statement. We find this error harmless in light of the evidence. Jackson's attorney immediately corrected the record for the jury and the certified Judgment and Conviction for the 1993 conviction was available to the jury during its deliberation. Jackson further argues that the jury should not have been told about the 26 month sentence he received for the 1993 conviction. Because Jackson did not object on this ground at trial, we review his argument only for plain error. See United States v. Guerra, 113 F.3d 809, 816 (8th Cir. 1997). As the government points out, Jackson cites no authority for the proposition that the sentence imposed should have been redacted. Nevertheless, assuming the admission of the sentence Jackson received was error, it was harmless given the evidence against him. Accordingly, we affirm the judgment of the district court in its entirety.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.