# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1574

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Cameron Foster, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  September 12, 2003

Filed:  September 23, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and MELLOY, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Cameron Foster appeals his February 21, 2002 conviction on one count of possession of cocaine base with intent to distribute.  See 21 U.S.C. § 841(a)(1) (2000).  Foster contends the District Court[1] abused its discretion by admitting into evidence a prior conviction for selling cocaine base and that the Eighth Circuit Model Jury Instruction on reasonable doubt violates his right to due process.  We affirm.

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

On April 2, 2002, Officer Michael Ehnes arrested Foster after observing what Officer Ehnes believed to be a drug transaction and after finding a paper bag with approximately 22 grams of cocaine base (crack cocaine) in close proximity to Foster's vehicle. At trial Foster did not dispute that a paper bag of crack cocaine was found lying on the street at a close distance to where Foster was sitting in his car.

Prior to trial the government brought a motion in limine to admit into evidence Foster's 1993 conviction for selling crack cocaine. The 1993 conviction arose out of an undercover sting operation in which Foster was arrested after attempting to sell crack cocaine to undercover police officers on the same city block as the site of his 2002 arrest. The District Court granted the government's motion, and at trial the prior conviction was admitted into evidence. After receiving instructions that included the Eighth Circuit Model Jury Instruction on reasonable doubt, see Eighth Circuit Manual of Model Jury Instructions—Criminal, Instruction 3.11 (2002), the jury convicted Foster of one count of possession with intent to distribute cocaine base. The District Court sentenced Foster to a term of 162 months.

First, Foster argues the District Court abused its discretion by admitting under Rule 404(b) of the Federal Rules of Evidence his 1993 conviction for selling cocaine base. We disagree. Rule 404(b) is a rule of inclusion; assuming that the other tests for admissibility are satisfied (see infra p. 4), evidence of a prior crime should be excluded only when its sole relevance goes to the character of the defendant. See United States v. Jackson, 278 F.3d 769, 771 (8th Cir. 2002). Rulings admitting evidence under Rule 404(b) are reviewed under an abuse of discretion standard and this court "will reverse only when such evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts." United States v. Ruiz-Estrada, 312 F.3d 398, 403 (8th Cir. 2002) (quoting United States v. Brown, 148 F.3d 1003, 1009 (8th Cir. 1998), cert. denied, 525 U.S. 1169 (1999)), cert. denied, 123 S. Ct. 1766 (2003). Absent a clear abuse of

discretion, we will not disturb an evidentiary ruling by a district court. <u>Suggs v. Stanley</u>, 324 F.3d 672, 678 (8th Cir. 2003).

Because Foster denied both possessing the paper bag and engaging in an illegal drug transaction, he claims neither his knowledge nor his intent was at issue, thereby making his prior conviction inadmissible inasmuch as it was not relevant to a material issue. This argument fails. Foster's knowledge and intent were in fact matters as to which the government had the burden of proof at trial. <u>See</u> <u>United States v. Thomas</u>, 58 F.3d 1318, 1322 (8th Cir. 1995) (requiring a "complete lack of dispute" with respect to knowledge or intent to prevent admission of prior criminal convictions).

Foster's denial of any wrongdoing closely resembles a general-denial defense or a "mere presence" defense. Both defenses have long been recognized as placing intent or state of mind into question and allowing the admission of prior criminal convictions to prove both knowledge and intent. <u>See, e.g.</u>, <u>Ruiz-Estrada</u>, 312 F.3d at 403 (observing that mere-presence defense places knowledge and intent at issue), <u>Jackson</u>, 278 F.3d at 771 (holding that a general-denial defense places knowledge and intent at issue). The government needed to prove that Foster possessed the drugs Officer Ehnes found, and part of that burden required a showing that Foster knew the drugs were in the bag and that he had the intent to control the contents of the bag. <u>See</u> <u>Thomas</u>, 58 F.3d at 1323. Foster's prior conviction for selling crack cocaine on the very same city block tends to show not only knowledge of drugs and their illicit distribution, but of the area as well. <u>See</u> <u>Brown</u>, 148 F.3d at 1010 (allowing admission of prior cocaine-trafficking conviction in Michigan as relevant to rebut the defense of naivete when charged with cocaine-trafficking conspiracy that originated in Michigan). Foster's prior conviction also helped to show his intent, both the intent to control the crack cocaine in the paper bag, <u>see</u> <u>Thomas</u>, 58 F.3d at 1323 (prior conviction helped establish intent to control cocaine found in an apartment) and his intent to distribute it, <u>see</u> <u>United States v. Johnson</u>, 318 F.3d 821, 823 (8th Cir. 2003) (prior drug conviction relevant when intent to distribute is an essential element of the

crime).  The prior conviction therefore was relevant as proof of Foster's possession of the paper bag and its unlawful contents and as proof of his intent to distribute the possessed narcotics.  See Ruiz-Estrada, 312 F.3d at 403–404; Jackson, 278 F.3d at 771.

In addition to being relevant to material issues at trial, the prior conviction also satisfies the other tests for admission under Rule 404(b), see Ruiz-Estrada, 312 F.3d at 403: (1) it is similar, indeed virtually identical, to the crime charged; (2) the 1993 conviction was not so remote in time as to be inadmissible at trial in 2002, see United States v. Williams, 308 F.3d 833, 837 (8th Cir. 2002) (twenty year-old conviction for armed robbery not too remote in time); (3) the 1993 conviction resulted from a guilty plea and Foster does not argue that the evidence was insufficient to support his plea; and finally (4) as the District Court found, any danger of unfair prejudice from admitting the prior conviction does not outweigh its probative value, see Fed. R. Evid. 403 (2000).

Foster's prior conviction satisfies every test for admissibility.  We therefore must reject Foster's claim that the District Court abused its discretion in admitting the prior conviction into evidence.

Next, Foster argues that Eighth Circuit Model Jury Instruction 3.11 violates due process by impermissibly lowering the government's burden of proof. Specifically he challenges the "mere possibility of innocence" language of the instruction.[2]  We already have upheld the instruction in several cases making the same

---

[2]Model Jury Instruction 3.11 states:

A reasonable doubt is a doubt based upon reason and common sense, and not the mere possibility of innocence.  A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt, therefore, must be proof of such a

claim Foster now makes.  <u>See, e.g.</u>, <u>United States v. Rosso</u>, 179 F.3d 1102, 1104–05 (8th Cir. 1999); <u>United States v. Gibson</u>, 105 F.3d 1229, 1234 (8th Cir. 1997).  These cases have established the law of the circuit on this point.  We are not free to overturn them (only the Court en banc could do so), and they require that we reject Foster's claim that the instruction violates his right to due process of law.

For the reasons stated, we affirm the judgment of the District Court.

_____

convincing character that a reasonable person would not hesitate to rely and act upon it.  However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

Eighth Circuit Manual of Model Jury Instructions—Criminal, Instruction 3.11 (2002).