**UNITED STATES of America, Plaintiff,**

v.

**Shawn Leo BARTH; Rosalio Guitron Vargas, a/k/a Gregorio Arechigo Velasco, a/k/a Josue Efrain Nino; Nancy Elizabeth Ferneau; and Thomas D. Pinks, Jr., Defendants.**

No. C1–03–46.

United States District Court,
D. North Dakota,
Southwestern Division.

Dec. 9, 2003.

Orell D. Schmitz, Schmitz Moench and Schmidt, Bismarck, ND, Benjamin C. Pulkrabek, Mandan, ND, Ross H. Espeseth, LaRoy Baird, P.C., Wayne D. Goter, Timothy Q. Purdon, Michael Ray Hoffman, Jeannette Glatt, Bismarck, ND, for defendants.

Rick L. Volk, Bismarck, ND, U.S. Attorney, for Plaintiff.

## ORDER DENYING DEFENDANT PINKS' MOTION IN LIMINE

HOVLAND, Chief Judge.

Before the Court is Defendant Thomas D. Pinks' ("Pinks") Motion in Limine. Pinks seeks to exclude the admission into evidence of his 1998 conviction for delivering marijuana and all references to his use of illegal drugs. Pinks also asserts that the Government did not give adequate notice under Rule 404(b) of the Federal Rules of Evidence. The Government responds by asserting that such evidence is admissible under Rule 404(b) and that adequate notice was provided.

## I. STANDARD OF REVIEW

Rule 404(b) of the Federal Rules of Evidence provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

"Evidence is admissible under Rule 404(b) if: '(1) it is relevant to a material issue; (2) it is similar in kind and not overly remote in time to the crime charged; (3) it is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value.'" *United States v. Frazier*, 280 F.3d 835, 847 (8th Cir.2002)(citing *United States v. Hardy*, 224 F.3d 752, 757 (8th Cir.2000)). The Eighth Circuit has held on numerous occasions that "a prior conviction for distributing drugs, and even the possession of user-quantities of a controlled substance, are relevant under Rule 404(b) to show knowledge and intent to commit a current charge of conspiracy to distribute drugs." *Id.* (citing *United States v. Bryson*, 110 F.3d 575, 583 (8th Cir.1997)); see, *United States v. Foster*, 344 F.3d 799, 801 (8th Cir.2003). In addition, when a defendant denies any knowledge of wrongdoing or asserts mere presence, the defendant's state of mind is put into question. *United States v. Foster*, 344 F.3d 799, 801 (8th Cir.2003).

### A) 1998 CONVICTION

In this case, as to Count One, the Government must prove that Pinks voluntarily and intentionally joined in the agreement to possess with intent to distribute or distribute methamphetamine or a substance or mixture containing a detectable amount of methamphetamine, and that at the time Pinks joined the agreement, he knew the purposes of the agreement. By his plea of not guilty, Pinks has made a general denial of his knowledge or intent as to the offense charged. The Government contends that Pinks' prior conviction tends to show that,

near in time to when the conspiracy is alleged to have commenced, Pinks was aware of the means and methods by which drugs are sold, as well as the quantities of drugs that are typically sold on the street. The Government also alleges that this places Pinks in a unique position to have understood the purpose of the agreement alleged in this case, and demonstrates that the activities he engaged in otherwise were done voluntarily and intentionally to further the conspiracy.

The Court finds that Pinks' 1998 conviction for the delivery of marijuana is admissible under Rule 404(b). It is relevant to the material issue of Pinks' knowledge and intent; the conviction is for the delivery of a controlled substance and it occurred less than five years ago; there is no dispute that Pinks was convicted of the crime of delivery of a controlled substance; and the prejudicial effect of the admission of the prior conviction does not substantially outweigh its probative value.

### B) NOTICE

Pinks also contends that the Government did not give adequate notice under Rule 404(b) of the Federal Rules of Evidence of its intention to admit evidence of his drug use. The Government asserts that evidence of Pinks' drug use is not covered by Rule 404(b). The Government anticipates that a number of individuals will testify as to observing Pinks using methamphetamine and other drugs. The Government contends that this evidence demonstrates the relationship between Pinks and other individuals, including defendant Barth, and explains the relationship between the parties.

■ "Rule 404(b) does not bar evidence that completes the story of the crime or explains the relationship of parties or the circumstances surrounding a particular event." *United States v. Edwards,* 159 F.3d 1117, 1129 (8th Cir.1998). "Bad acts that form the factual setting of the crime in issue or that form an integral part of the crime charged do not come within the Rule's ambit at all." *United States v. Wilson,* 177 F.3d 712, 713–14 (8th Cir.1999)(internal quotations omitted).

■ To the extent that the Government intends to introduce evidence of Pinks' drug use to show his relationship with the co-defendants, the Court finds this evidence is not barred by Rule 404(b). Further, to the extent the evidence the Government intends to introduce could be considered evidence of a "prior bad act," the Court finds that the Government gave adequate notice.

Rule 404(b) requires that "reasonable notice in advance of trial ... of the general nature of any such evidence it intends to introduce at trial." F.R. Evid. 404(b) (emphasis added). According to Pinks, he received notice that the Government intended to introduce evidence of "any and all references made within the discovery pages to the defendants' use of illegal drugs, including methamphetamine, cocaine, marijuana or otherwise." Pinks has not claimed that he was denied access to any discovery materials. Although it appears thousands of pages of discovery have been generated in this case, the Court finds that the Government's notice sufficiently sets forth the "general nature" of the evidence it intends to introduce at trial.

### II. CONCLUSION

For the reasons set forth above, the Court DENIES Defendant Pinks' Motion in Limine. (Docket No. 104).

IT IS SO ORDERED.