# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 05-3098

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Jose Miguel Rosas Santoyo, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 16, 2006
Filed: May 23, 2006

_____

Before WOLLMAN and RILEY, Circuit Judges, and ROSENBAUM,[1] District Judge.

_____

PER CURIAM.

Jose Miguel Rosas Santoyo was charged with knowingly and intentionally possessing with intent to distribute more than fifty grams of methamphetamine and some amount of a mixture and substance containing a detectable amount of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and (b)(1)(D). The government filed a pre-trial motion in limine, seeking to exclude evidence that its confidential informant had exhibited deceptive responses on a polygraph test

_____

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota, sitting by designation.

concerning a defendant in another case. The district court[2] granted this motion, concluding that the results of the polygraph were of a collateral nature, that the evidence as to the informant's credibility would be cumulative, and that the evidence would distract the jury. We affirm.

We review for abuse of discretion the district court's decision to exclude evidence under Federal Rule of Evidence 403. United States v. Jordan, 150 F.3d 895, 899 (8th Cir. 1998). Rule 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." We give great deference to the district court's judgment in making this determination. See United States v. Ruiz-Estrada, 312 F.3d 398, 403 (8th Cir. 2002).

In United States v. Waters, the district court excluded evidence that the defendant passed a polygraph test under Rule 403. 194 F.3d 926, 929 (8th Cir. 1999). We affirmed, explaining that in United States v. Scheffer, 523 U.S. 303 (1998),

> the Supreme Court noted the legitimate risk that juries will give excessive weight to the opinions of a polygrapher, clothed as they are in scientific expertise. The Court also noted that litigation over the admissibility of polygraph evidence is by its very nature collateral, thereby prolonging criminal trials and threatening to distract the jury from its central function of determining guilt or innocence.

Waters, 194 F.3d at 930 (internal quotations omitted). These same concerns of collateral evidence and distracting the jury are present in this case. Further, Scott had the opportunity to inquire about the informant's credibility on cross-examination.

---

[2]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

Accordingly, the district court did not abuse its discretion in granting the government's motion in limine.

The judgment is affirmed.

_____