# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2690

_____

United States of America,                    *
                                             *
            Appellee,                         *
                                             *    Appeal from the United States
      v.                                      *    District Court for the
                                             *    Eastern District of Missouri.
Ladarius Venice Cook,                         *
                                             *    [UNPUBLISHED]
            Appellant.                        *

_____

Submitted: January 28, 2009
Filed: February 25, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal following a jury trial, Ladarius Cook challenges the district court's[1] denial of his motion for a <u>Franks</u>[2] hearing, and he challenges several of the district court's evidentiary rulings. Upon careful review of the record and the parties' arguments on appeal, we affirm.

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

[2]<u>Franks v. Delaware</u>, 438 U.S. 154 (1978).

We initially conclude that the district court did not abuse its discretion in denying Cook's motion for a <u>Franks</u> hearing, because the challenged statements contained in a search-warrant application either were not false or were unintentionally incorrect and, in any event, not necessary to the finding of probable cause. <u>See</u> <u>United States v. Hull</u>, 419 F.3d 762, 770-71 (8th Cir. 2005) (standard of review; under <u>Franks</u>, defendant is entitled to evidentiary hearing about veracity of search warrant affidavit if defendant makes substantial preliminary showing that affiant intentionally or recklessly made false statement, provided allegedly false statement was necessary to finding of probable cause).

We further hold that the district court did not abuse its discretion in making the evidentiary rulings challenged by Cook on appeal. First, the court did not abuse its discretion in allowing the government to present at trial evidence of some of Cook's prior convictions, because it was within the court's discretion to determine that these convictions were not too remote in time and were relevant to matters concerning Cook's knowledge and intent. <u>See</u> Fed. R. Evid. 404(b) (evidence of other crimes is not admissible to prove character of person in order to show action in conformity therewith; it may, however, be admissible to prove, inter alia, opportunity, intent, knowledge, and absence of mistake or accident); <u>United States v. Lucas</u>, 521 F.3d 861, 865 (8th Cir. 2008) (standard of review); <u>United States v. Foster</u>, 344 F.3d 799, 801-02 (8th Cir. 2003) (defendant's denial of any wrongdoing allowed admission of prior criminal convictions to prove both knowledge and intent; government needed to prove that defendant possessed drugs found by police, and part of that burden required showing that defendant knew drugs were present and had intent to exercise control over them; 1993 conviction was not so remote in time as to be inadmissible at trial in 2002; danger of unfair prejudice did not outweigh probative value of evidence).

Second, the court did not abuse its discretion in allowing the government to cross-examine Cook regarding his prior convictions, because Cook had already

testified about the convictions on direct examination. <u>See</u> Fed. R. Evid. 611(b) (cross-examination should be limited to subject matter of direct examination and matters affecting credibility of witness; court may, in its discretion, permit inquiry into additional matters as if on direct examination); <u>Hull</u>, 419 F.3d at 769-70 (district court has broad discretion in setting limits of cross-examination; court did not abuse its discretion in allowing government's cross-examination as it related to defendant's testimony on direct examination).

Third, the court did not abuse its discretion in granting the government's motion in limine to exclude evidence regarding allegations--which were inchoate at the time of Cook's trial--of unrelated wrongdoing by a police officer who had been involved in the investigation of Cook and the search that led to Cook's arrest. <u>See</u> Fed. R. Evid. 403 (although relevant, evidence may be excluded if, inter alia, its probative value is substantially outweighed by danger of unfair prejudice, confusion of issues, or misleading jury); <u>cf.</u> <u>United States v. Beal</u>, 430 F.3d 950, 956 (8th Cir. 2005) (court may exclude evidence under principles set forth in Fed. R. Evid. 403 even if evidence is admissible for purpose of impeachment).

The judgment of the district court is affirmed.

_____