# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3272

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Horacio Cruz-Zuniga, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 15, 2009
Filed: July 1, 2009

_____

Before RILEY, BENTON, and SHEPHERD, Circuit Judges.

_____

RILEY, Circuit Judge.

A jury convicted Horacio Cruz-Zuniga (Cruz-Zuniga) of one count of conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine. The district court[1] sentenced Cruz-Zuniga to 480 months imprisonment and a lifetime term of supervised release. Cruz-Zuniga appeals, arguing the district court erred by (1) refusing to give Cruz-Zuniga's proposed jury instruction regarding co-defendants' testimony; (2) giving the Eighth Circuit's model instruction

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

on reasonable doubt with the "mere possibility of innocence" language; (3) sentencing Cruz-Zuniga based on an amount of drugs that was not charged in the indictment or found beyond a reasonable doubt by the jury; (4) refusing to grant a downward sentencing variance equivalent to a two-level reduction for acceptance of responsibility; and (5) failing to consider all the factors in 18 U.S.C. § 3553(a) and adequately explain the court's reasoning, improperly comparing Cruz-Zuniga to a defendant in a previous case, and imposing an unreasonable sentence. We affirm.

## I.    BACKGROUND

A law enforcement investigation led to Cruz-Zuniga's indictment on one count of conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Cruz-Zuniga pled not guilty.

Three of the participants in the methamphetamine conspiracy agreed to cooperate with the government by testifying at Cruz-Zuniga's trial. Cruz-Zuniga offered a jury instruction on the credibility of cooperating witnesses. The district court denied Cruz-Zuniga's instruction and used Eighth Circuit Model Instruction 4.05 to instruct the jury on the credibility of cooperating witnesses. The district court also refused Cruz-Zuniga's proposed instruction on reasonable doubt, instead instructing the jury on reasonable doubt as defined in Eighth Circuit Model Instruction 3.11. The jury found Cruz-Zuniga guilty.

The Probation Office prepared a presentence investigation report, which determined the drug quantity attributable to Cruz-Zuniga was more than fifteen kilograms of methamphetamine. After hearing argument at Cruz-Zuniga's sentencing hearing, the district court agreed more than fifteen kilograms of methamphetamine were attributable to Cruz-Zuniga.

At sentencing, Cruz-Zuniga argued he should receive the equivalent of a two-level decrease in his offense level for acceptance of responsibility, even though Cruz-Zuniga did not accept responsibility. Cruz-Zuniga contended the denial of a two-level decrease would punish Cruz-Zuniga for exercising his right to stand trial. The district court rejected this argument.

The district court calculated an offense level of 43 and a criminal history category of I, resulting in an advisory United States Sentencing Guidelines (Guidelines or U.S.S.G.) range of life imprisonment. In explaining Cruz-Zuniga's sentence, the district court specifically discussed a number of the sentencing factors in 18 U.S.C. § 3553(a). The district court then imposed a below-Guidelines sentence of 480 months imprisonment and a lifetime term of supervised release. This appeal followed.

## II.    DISCUSSION
### A.    Jury Instructions
"A defendant is entitled to a specific jury instruction 'that conveys the substance of his request if his request is timely, it is supported by evidence in the case, and is a correct statement of the law.'" United States v. Whitehead, 176 F.3d 1030, 1037 (8th Cir. 1999) (citing United States v. Tucker, 137 F.3d 1016, 1036 (8th Cir. 1998)). However, a defendant "'is not entitled to a particularly-worded instruction when the instructions actually given by the trial court adequately and correctly cover the substance of the requested instruction.'" United States v. Long, 977 F.2d 1264, 1272 (8th Cir. 1992) (quoting United States v. Lewis, 718 F.2d 883, 885 (8th Cir. 1983)). "'The district court has wide discretion in formulating appropriate jury instructions.'" Id. (quoting United States v. McQuarry, 726 F.2d 401, 402 (8th Cir. 1984) (per curiam)). We review the district court's denial of a proposed jury instruction for abuse of discretion, reversing "only if the district court's alleged erroneous failure to give a particular instruction was prejudicial." Whitehead, 176 F.3d at 1037 (citation omitted).

### 1.  Co-Defendants' Testimony

Cruz-Zuniga contends he was prejudiced by the district court's use of Eighth Circuit Model Jury Instruction 4.05A (Instruction 4.05A), entitled "Credibility–Cooperating Witness," and the district court abused its discretion by refusing Cruz-Zuniga's proposed non-pattern instruction on credibility of cooperating witnesses. Cruz-Zuniga specifically objects to the district court instructing the jury as follows: "You have heard evidence that Ruben Rocha, Javiel Menchaca, and Nestor Menchaca *hope to receive* a reduced sentence on criminal charges pending against them in return for their cooperation with the Government in this case." (emphasis added). Cruz-Zuniga claims Instruction 4.05A did not fully explain the benefits the co-defendants would receive, and asserts the jury should have been instructed: "The agreement in this case may provide [the cooperating witness] with the *expectation* that he could receive a less severe sentence." (emphasis added).  Put another way, Cruz-Zuniga claims "the word '*expectation*' more accurately describes the mindset" of the cooperating witnesses than the word "*hope*."

Although the words "hope" and "expectation" may carry distinctive meanings in other contexts, there is no meaningful difference between a cooperating witness who has the "hope" of receiving a reduced sentence and one who has the "expectation" of receiving a reduced sentence.  Indeed, "hope" and "expectation" are generally recognized as synonyms. See William C. Burton, *Burton's Legal Thesaurus* 221 (John Drukker, ed., Mc-Graw-Hill 1998 (1980) (listing "hope" as a synonym for "expectation").  Regardless of whether the word "hope" or "expectation" was used to describe the subjective mindset of cooperating witnesses, Instruction 4.05A adequately and correctly conveyed the substance of Cruz-Zuniga's request that the jury be informed a cooperating witness's testimony may be influenced by the possibility of receiving a reduced sentence.

Consistent with Instruction 4.05A, the district court instructed the jury, "[y]ou may give the testimony of these witnesses such weight as you think they deserve. Whether or not testimony of a witness may have been influenced by his hope of receiving a reduced sentence is for you to decide." Furthermore, Cruz-Zuniga's counsel had the opportunity to cross-examine each cooperating witness, inquire into his motives for cooperating with the government, and attempt to discredit his testimony. During closing argument, Cruz-Zuniga's counsel had sufficient opportunity to persuade the jury the witnesses were not credible based upon this "hope" or "expectation." Cruz-Zuniga fails to establish he was prejudiced in any way by the instruction's use of the word "hope" instead of "expectation." The district court did not abuse its discretion by using Instruction 4.05A to instruct the jury on the credibility of cooperating witnesses.

## 2. Reasonable Doubt

Cruz-Zuniga next contends the district court abused its discretion by giving Eighth Circuit Model Instruction 3.11 (Instruction 3.11), which discusses and defines reasonable doubt. Cruz-Zuniga argues the statement, "[a] reasonable doubt is a doubt based upon reason and common sense, and not the mere possibility of innocence," is prejudicial because it impermissibly shifts the burden of proof to the defendant.

This circuit has repeatedly upheld the use of Instruction 3.11, specifically upholding the "mere possibility of innocence" language challenged by Cruz-Zuniga. See United States v. Foster, 344 F.3d 799, 802 (8th Cir. 2003) (citing United States v. Rosso, 179 F.3d 1102, 1104-05 (8th Cir. 1999)); United States v. Gibson, 105 F.3d 1229, 1233-34 (8th Cir. 1997); see also United States v. Harris, 974 F.2d 84, 85 (8th Cir. 1992). "These cases have established the law of the circuit on this point." Foster, 344 F.3d at 802. Only the court en banc could overturn this circuit's precedent. Id. We therefore conclude the district court did not abuse its discretion by instructing the jury on the definition of reasonable doubt set forth in Instruction 3.11.

**B. Drug Quantity**

Cruz-Zuniga claims the district court erred by applying a two-level sentencing enhancement based on a quantity of drugs (more than fifteen kilograms) that was not charged in the indictment or found by a grand jury. Cruz-Zuniga maintains the district court's finding the drug quantity by a preponderance of the evidence violates his Fifth and Sixth Amendment rights.

We review de novo constitutional challenges, United States v. Bates, 77 F.3d 1101, 1104 (8th Cir. 1996), and the district court's interpretation and application of the advisory Guidelines, United States v. Whiting, 522 F.3d 845, 849 (8th Cir. 2008). After United States v. Booker, 543 U.S. 220 (2005), "judicial factfinding is permissible at sentencing so long as the district court understands that the sentencing guidelines are advisory only." United States v. Brave Thunder, 445 F.3d 1062, 1065 (8th Cir. 2006). Under an advisory sentencing regime, "the district court is entitled to determine sentences based upon judge-found facts and uncharged conduct" where the defendant is "not sentenced in excess of the statutory maximum." United States v. Garcia-Gonon, 433 F.3d 587, 593 (8th Cir. 2006) (citing United States v. Red Elk, 426 F.3d 948, 951 (8th Cir. 2005)); see also United States v. Okai, 454 F.3d 848, 851 (8th Cir. 2006) (explaining, "after Booker, facts underlying sentencing enhancements that are not used to increase the defendant's sentence above the congressionally authorized maximum need not be alleged in the indictment to pass constitutional muster" (citations omitted)). "[S]entencing judges are only required to find sentence-enhancing facts by a preponderance of the evidence." Garcia-Gonon, 433 F.3d at 593 (citing United States v. Pirani, 406 F.3d 543, 551 n.4 (8th Cir. 2005) (en banc)). The district court understood the Guidelines were advisory and did not sentence Cruz-Zuniga above the statutory maximum. We conclude the district court did not err by engaging in judicial factfinding and applying a preponderance of the evidence standard to determine the drug quantity attributable to Cruz-Zuniga.

## C.    Acceptance of Responsibility

Cruz-Zuniga next contends the district court erred by refusing to grant a downward variance equivalent to a two-level Guidelines reduction for acceptance of responsibility.  Cruz-Zuniga argues denying an acceptance of responsibility credit to a defendant who stands trial (and who does not accept responsibility) punishes the defendant for exercising his constitutional right to stand trial.  We reject this argument.

It is generally permissible to grant leniency to defendants who plead guilty, and to withhold leniency from defendants who go to trial.  See Corbitt v. New Jersey, 439 U.S. 212, 223 (1978) (explaining courts are entitled to "recognize[] the fact that there ha[s] been a plea and that in sentencing it is constitutionally permissible to take that fact into account . . . it is not forbidden to extend a proper degree of leniency in return for guilty pleas.").  Addressing a defendant's request for a two-level Guidelines reduction for acceptance of responsibility, this court has specifically "held that [U.S.S.G. §] 3E1.1 does not punish a defendant for exercising his constitutional right to a jury trial." United States v. Smith, 40 F.3d 933, 935 (8th Cir. 1994) (citing United States v. Young, 875 F.2d 1357, 1360-61 (8th Cir. 1989)).  "Under [§] 3E1.1, an acceptance-of-responsibility reduction is simply 'not intended to apply to a defendant who puts the government to its burden of proof at trial by denying factual elements of guilt.'" Id. at 935-36 (quoting U.S.S.G. § 3E1.1 cmt. n.2).  Although it is possible in certain circumstances for a defendant to stand trial and still get a reduction for acceptance of responsibility, see U.S.S.G. § 3E1.1, application n.2, no such circumstances existed in Cruz-Zuniga's case.  The district court's refusal to grant Cruz-Zuniga a downward variance equivalent to a two-level Guidelines reduction for acceptance of responsibility did not wrongfully punish Cruz-Zuniga for exercising his constitutional right to stand trial.[2]

---

[2]Cruz-Zuniga also asserts the district court erred by failing to address his acceptance-of-responsibility argument.  On the contrary, after Cruz-Zuniga's counsel argued this point extensively at sentencing, the district judge discussed the argument with Cruz-Zuniga's counsel, made several comments, and indicated he understood the

**D.    Cruz-Zuniga's Sentence**

Finally, Cruz-Zuniga asserts the district court did not specifically apply all of the 18 U.S.C. § 3553(a) sentencing factors to Cruz-Zuniga, did not adequately explain the rationale for the sentence, and improperly likened Cruz-Zuniga's case to that of another drug trafficker the court previously sentenced.  Cruz-Zuniga also argues his sentence is substantively unreasonable.

In reviewing a sentence, this court "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  Gall v. United States, 552 U.S. 38, 128 S. Ct. 586, 597 (2007).  If the sentence is procedurally sound, we "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."  Id.

Gall sets forth the sentencing procedure the district court should follow.  After correctly calculating the Guidelines range and "giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party."  Id. at 596.  The district court "must make an individualized assessment based on the facts presented, . . . [and] must adequately explain the chosen sentence to allow for meaningful appellate review."  Id. at 597.  "In explaining the chosen sentence and analyzing the relevant § 3553(a) factors, 'a district court is not required to provide "a full opinion in every case," but must "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned

---

argument.  This is more than adequate to satisfy us that the district court fully considered Cruz-Zuniga's argument.  See United States v. Gray, 533 F.3d 942, 944 (8th Cir. 2008) (explaining, "not every reasonable argument advanced by a defendant requires a specific rejoinder by the judge"); see also Rita v. United States, 551 U.S. 338, 127 S. Ct. 2456, 2468-69 (2007).

basis for exercising his own legal decisionmaking authority."'" United States v. Hill, 552 F.3d 686, 691 (8th Cir. 2009) (quoting United States v. Robinson, 516 F.3d 716, 718 (8th Cir. 2008) (in turn quoting Rita, 127 S. Ct. at 2468)).  The "sentencing court need not 'categorically rehearse each of the [§] 3553(a) factors on the record when it imposes a sentence as long as it is clear that they were considered.'" United States v. Jones, 509 F.3d 911, 915 (8th Cir. 2007), cert. denied, 128 S. Ct. 2891 (2008) (mem) (quoting United States v. Dieken, 432 F.3d 906, 909 (8th Cir. 2006)); see also Rita, 127 S. Ct. at 2468-69.

At sentencing, the district court expressly considered a number of the relevant § 3553(a) factors and explained how each factor weighed for or against Cruz-Zuniga. Addressing the "nature and circumstances of the offense" under § 3553(a)(1), the district court discussed the "scourge that methamphetamine has on our community" and the fact Cruz-Zuniga "imported kilograms of methamphetamine into our community." The district court also explained, "[t]he history and characteristics of the defendant are highly unusual in that he has no prior criminal history, but that's not the determining factor here."  In order "[t]o protect the public," the district court declared Cruz-Zuniga would receive "a substantial sentence, but if he ever gets out we know that he will be deported from this country."  The district court's explanation for the sentence imposed and express consideration of several of the § 3553(a) factors in no way constitutes significant procedural error.

Cruz-Zuniga takes issue with the district court's statement it was imposing a sentence of 480 months imprisonment, a downward variance from Cruz-Zuniga's Guidelines range of life imprisonment, because the district court likened Cruz-Zuniga to "a substantial heroin dealer" the court previously sentenced to 420 months imprisonment. Cruz-Zuniga does not assert the district court erred by comparing Cruz-Zuniga to a previous defendant, but merely complains the district court should have given Cruz-Zuniga an even more dramatic downward variance because the heroin dealer was involved with weapons and violence, and Cruz-Zuniga was not. The district

court was entitled to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" 18 U.S.C. § 3553(a)(6). We see no basis to conclude the district court's comparison was in any way improper or an abuse of discretion.

Further, "giv[ing] due deference to the district court's decision that the § 3553(a) factors, on a whole," justify Cruz-Zuniga's sentence, <u>Gall</u>, 128 S. Ct. at 597, our review of Cruz-Zuniga's sentence reveals no basis for concluding Cruz-Zuniga's below-Guidelines sentence is substantively unreasonable.

## III.  CONCLUSION

We affirm the sentence and judgment of the district court.

_____