WEIMER, J.,
dissents and would grant and docket.
hi respectfully dissent from the per cu-riam insofar as it finds — without benefit of the record, without full briefing, and without oral argument by the parties — that the district court abused its discretion in denying the State’s motion to introduce at the defendant’s upcoming trial for simple burglary evidence of his two prior convictions for the same offense. Rather than sum *540 marily reverse, I would grant and docket this case in order to fully explore the issue presented and, in the process, to provide guidance to the lower courts in navigating the difficult arena of other crimes evidence.
The seminal case on the admissibility of other crimes evidence, State v. Prieur, 277 So.2d 126 (La.1973), was decided over forty-one years ago. Its application remains challenging to this day. In the present case, the trial court, the court most familiar with the facts and history of the case, ruled the evidence of defendant’s two prior burglary convictions inadmissible because the State failed to prove sufficient facts to demonstrate the other crimes evidence more probative than prejudicial and sufficiently unique and distinctive to merit introduction in connection with defendant’s current prosecution for simple burglary. The court of appeal, cognizant of the great discretion afforded the trial court in ruling on the admissibility 12of other crimes evidence,[1] denied writs, explaining: “A review of the record, case law, and the State’s writ application, demonstrates that the trial court did not abuse its discretion in denying the admissions of the defendant’s previous convictions at trial.”[2] Apparently, a majority of this court disagrees with the conclusions below, ostensibly because the offense for which defendant is currently being prosecuted, simple burglary, is a specific intent crime and the evidence of the prior burglaries committed by defendant “satisfies the State’s burden of proving specific intent,”[3] notwithstanding that this defendant’s intent to commit the crime is not an element at issue in this case.
Since Prieur, this court has consistently treated the rule respecting the admissibility of other crimes evidence as a rule of exclusion.[4] Under the long-settled and prevailing jurisprudence, evidence of another similar crime or act should be excluded unless the State meets certain criteria, one of which is that the other similar act or crime is relevant to a “real and genuine [matter in issue], and not one which the prosecution conceives to be at issue merely because of the plea of not guilty.” State v. Moore, 278 So.2d 781, 785 (La.1973) (on reh’g). Thus, a defendant’s plea of not guilty does not, contrary to the majority’s apparent ruling here, automatically open the door to admission of evidence relating to other similar acts.
lain this case, the defendant maintains that his defense to the current charge is that a burglary occurred, but not by his hand and, thus, intent is not a “real and genuine” matter in issue. Without addressing defendant’s argument in this regard, the majority peremptorily opines that the defendant’s prior burglary convictions are “sufficiently similar to defendant’s simple burglary charge” and “substantially relevant” to the issue of specific intent for admission because “[a]ll three burglaries occurred within a half mile of each other, the houses were all unoccupied *541 and entry was gained through the rear of the houses.”[5] However, it would seem a rare occasion, indeed, that a burglary would occur in an occupied property and an even rarer one in which the unauthorized entry would occur through the front door. The trial court recognized as much, opining that “neither of these two incidents [the prior burglaries] ... are sufficiently or uniquely similar” or “peculiarly distinctive enough ... to merit introduction.” Moreover, to reiterate, the defendant maintains that intent will not be a contested issue at trial and, thus, the other crimes evidence does not “tend to prove a material fact at issue or ... rebut a defendant’s defense,” which even the majority recognizes as a requirement for admissibility of other crimes evidence.[6] Given these circumstances, I find it difficult to conclude, without the further study and deliberation that briefing, argument .and a considered opinion would provide, that the trial court abused its discretion in excluding the evidence, at least in the state’s case |4in chief.[7] I would, therefore, grant the State’s writ application and docket the matter for briefing, argument, and an opinion.
CLARK, J., dissents.
hi respectfully dissent.

. State v. Wright, 11-0141, p. 10-11 (La. 12/6/11), 79 So.3d 309, 316.

. State v. Hardy, 14-0467 (La.App. 4 Cir. 7/21/14) (unpub'd writ denial).

. State v. Hardy, No. 14-1569, Op. at 539 (La. Nov. 2014).

. This is in sharp contrast to the federal approach, which deems Federal Rule of Evidence 404(b) "a rule of inclusion,” by which "evidence of a prior crime should be excluded only when its sole relevance goes to the character of the defendant.” United States v. Foster, 344 F.3d 799, 801 (8th Cir.2003) (internal quotation marks and citation omitted). Under the federal approach, a plea of not guilty would open the door to admission of evidence respecting other similar acts relevant to the essential element of specific intent required by the offense being tried. Id.

. State v. Hardy, No. 14-1569, Op. at 539.

. Id., at 538, citing State v. Martin, 377 So.2d 259, 263 (La. 1979).

. If, as the trial unfolds, the defendant places intent at issue in some manner, the admission of other crimes evidence on rebuttal could be justified. See Prieur, 227 So.2d at 129 n. 2 ("If in the utterly unlikely event the defendant had injected such an issue [regarding knowledge and intent in the case of armed robbery], then only could the State conceivably have properly contended that such evidence was admissible in rebuttal to show knowledge or intent."). Otherwise, the state, in its case-in-chief, should be confined to other methods of proving the element of intent.