KELLY, Circuit Judge,
concurring.
I concur in the court’s opinion. I write separately because I consider evidence of the 2007 controlled buy admissible for a different reason. Regarding Armstrong’s argument that the evidence of his involvement in the 2007 controlled buy was not sufficiently reliable, I agree that the government proved Armstrong’s involvement in that transaction by a preponderance of the evidence. On appeal, Armstrong also argues that this evidence was offered solely as propensity evidence. Yet, such “evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.” Fed.R.Evid. 404(b)(2). Here, when objecting to the admission of all proposed Rule 404(b) evidence in the district court, his attorney expressly stated that she had “evidence that the confidential informant has a spoken vendetta against Mr. Armstrong.” Then, in her opening statement, Armstrong’s counsel told the jury that “the reason we are here is because [the confidential informant] has an ax to grind.” In my view, based on the record below, it is that specific defense— that the Cl had falsely accused Armstrong of selling drugs as vengeance for Armstrong’s role in the death of the Cl’s father — and not a “general denial” defense that renders evidence about the 2007 controlled buy admissible. Evidence that the Cl had unexpectedly encountered Armstrong as a participant in a controlled buy two years earlier was thus admissible to counter the specific defense Armstrong proffered. See Fed.R.Evid. 404(b)(2); cf. United States v. Ruiz-Estrada, 312 F.3d 398, 403 (8th Cir.2002) (evidence of prior drug convictions admissible in part to rebut “mere presence” defense).