# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2672

_____

United States of America,        *
                             *

           Appellee,       *
                             *   Appeal from the United States

     v.                 *   District Court for the
                             *   Western District of Missouri.

Derone D. Gipson,         *
                             *

          Appellant.     *

_____

Submitted: February 13, 2006
Filed: May 4, 2006

_____

Before LOKEN, Chief Judge, BOWMAN and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

     A jury convicted Derone Gipson of possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A).[1] Gipson appeals his conviction, arguing that the district court erred by admitting other-acts evidence pursuant to Rule 404(b) of the Federal Rules of Evidence. We hold that the evidence was admissible under Rule 404(b) and affirm the district court's ruling.

_____

     [1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

## I. *Background*

In 2003, Kansas City, Missouri, police targeted an apartment complex located at 2702-2710 East 29th Street after reports of many illegal narcotics sales. On February 3, 2003, officers observed a street-level transaction outside of the apartment complex and pursued one of the sellers, Michael McHenry, into 2710 East 29th Street, Apartment C. The suspect then closed, locked, and bolted the door. Police heard the occupants barricade the door with furniture. The officers also heard someone say, "Relax, if they come in, they're going to get hurt." Officers then observed McHenry throw a paper bag containing approximately 130 grams of powder cocaine out of the back window. After a nine-hour standoff, the occupants surrendered to the police. Gipson was one of the occupants and was arrested. He denied any involvement in illegal narcotics and said that he only entered the apartment to watch television.

About six months later, the police executed a search warrant at 2708 East 29th Street, Apartment C. When officers reached the front door, an occupant opened the door, saw the police, and slammed the door shut. Officers then used a ram to open the door. The officer using the ram, as well as the first two officers to enter the apartment, saw Gipson throw a glass object out the window. Another officer, who was standing watch outside the building, observed someone drop a glass jar out of the window. The jar contained 238.75 grams of freshly cooked cocaine base. A search of the apartment revealed other drug-related contraband. As he was being arrested, Gipson denied throwing the jar out the window and claimed that he was only in the apartment to watch television.

About a week later, officers witnessed another street sale and observed the seller enter 2702 East 29th Street, Apartment C. The officers arrested the seller and others present in the apartment, including Gipson and discovered 9.21 grams of cocaine base. A search incident to Gipson's arrest uncovered over $2,000 in one of his shoes. During their search of the apartment, police seized 52 bags of cocaine base weighing a total of 10.42 grams, along with sandwich bags and a razor blade. Gipson

again denied any involvement in the drug activity and claimed that he was only there to watch television.

A federal grand jury indicted Gipson for possession with intent to distribute 50 grams or more of cocaine base, relying upon facts leading to his second arrest. The government then filed notice of intent to enhance Gibson's sentence because of a prior felony drug offense pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851, raising the mandatory minimum sentence to 20 years. The government also filed a notice of its intent to offer evidence of other crimes under Rule 404(b).

The defense objected to the Rule 404(b) evidence by a motion in limine, as well as with a standing objection at trial. Defense counsel argued that the district court should exclude evidence of Gipson's other two arrests for drug-related activity at the same apartment complex. Specifically, Gipson's counsel argued that the Rule 404(b) evidence should be excluded because Gipson did not contend he lacked knowledge of the narcotics in the apartment at the time of his arrest. Counsel raised only a general-denial defense. The district court rejected Gipson's argument, finding that the evidence was admissible under Rule 404(b) for reasons other than knowledge including Gipson's motive, preparation, plan, and absence of mistake in relation to the crime charged. The district court gave the jury a limiting instruction regarding the proper use of the Rule 404(b) evidence. The jury convicted Gipson of possession with intent to distribute 50 grams or more of cocaine base. The district court sentenced Gipson to 240 months' imprisonment.

## II. *Discussion*

On appeal, Gipson challenges the admission of evidence that connected him with similar sales of cocaine base that occurred at the same apartment complex within six months of the charged offense. The government contends that this evidence was clearly admissible under Rule 404(b) because it was relevant to Gipson's knowledge

of and intent to distribute cocaine base and because it demonstrated a common plan or scheme to sell cocaine base from the same apartment complex.[2]

"We review de novo the district court's interpretation and application of the rules of evidence, and review for an abuse of discretion the factual findings supporting its evidentiary ruling." *United States v. Smith*, 383 F.3d 700, 706 (8th Cir. 2004) (citing *United States v. Blue Bird*, 372 F.3d 989, 993 (8th Cir.2004)).

Rule 404(b) of the Federal Rules of Evidence provides as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

"To be admissible under Rule 404(b), the evidence must be (1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to the crime charged." *United States v. Vieth*, 397 F.3d 615, 617–18 (8th Cir. 2005) (citations and internal quotations omitted); *see also* Fed. R. Evid. 403. A general denial defense places the defendant's state of mind at issue. *United States v. Jackson*, 278 F.3d 769, 771 (8th Cir. 2002). "[E]vidence of prior possession of drugs, even in an amount consistent only with personal use, is admissible to show such things as knowledge and

---

[2]The other grounds for admissibility under Rule 404(b) relied upon by the district court—including motive, preparation, and absence of mistake—are not argued on appeal. We express no opinion on these grounds.

intent of a defendant charged with a crime in which intent to distribute drugs is an element." *Id.* (quoting *United States v. Logan*, 121 F.3d 1172, 1178 (8th Cir. 1997)).

Gipson acknowledges that the government produced sufficient proof of the other-acts evidence and that the other acts were similar in kind and reasonably close in time to the charged crime. Gipson contends the evidence is inadmissible because the government "had more than enough evidence" and that the Rule 404(b) evidence was "unnecessary" to prove the government's case. This argument essentially contends that the evidence is cumulative and that the prejudicial effect of the Rule 404(b) evidence outweighs its probative value under Rule 403. Gipson also asserts that the evidence was only probative of his propensity to criminal activity of the kind charged.

We find Gipson's argument unavailing. The probative value of the other arrests is substantial because of their similarity to the charged offense. *Vieth*, 397 F.3d at 618. We also do not find it cumulative. The evidence was undoubtedly prejudicial, in that it was unfavorable to the defense. However, the evidence was not *unfairly* prejudicial within the meaning of Rule 403. *See Vieth*, 397 F.3d at 618. To the contrary, the evidence tended to establish Gibson's knowledge that he possessed cocaine base and his intent to distribute it, as well as demonstrating a common plan or scheme to sell cocaine base from the same apartment complex. Rule 404(b) permits other-acts evidence to be offered for these purposes, as these are purposes separate and distinct from the impermissible purpose of showing propensity. The district court instructed the jury regarding the proper use of the Rule 404(b) evidence. *United States v. Drapeau*, 414 F.3d 869, 875 (8th Cir. 2005).

### III. *Conclusion*

On this record, we cannot conclude that the district court abused its discretion by determining that the Rule 404(b) evidence was higher in probative value than in prejudicial effect. The district court correctly determined that the other-acts evidence

was admissible under Rule 404(b) for purposes other than to show the defendant's propensity to commit the crime charged. Therefore, we affirm.

_____