# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 06-2397

_____

United States of America,      *
     *
       Appellee,      *
     *
       v.      *     Appeal from the United States
     *     District Court for the
Joseph Dodd, also known as      *     Southern District of Iowa.
Shakespeare,      *
     *
       Appellant.      *
     *

_____

Submitted:  November 15, 2006
Filed: January 12, 2007

_____

Before GRUENDER, JOHN R. GIBSON and BOWMAN, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Joseph Dodd ("Dodd") appeals his conviction of conspiracy to distribute or possess with intent to distribute cocaine and cocaine base.  Dodd contends that the

district court[1] erred in refusing to instruct the jury on the lesser included offense of conspiracy to possess cocaine and cocaine base. We affirm.

## I.    BACKGROUND

Following years of a federal investigation of a drug conspiracy ring led by Dodd's nephew, Frederick Dodd ("Fred Dodd"), a grand jury returned an indictment against Dodd, Fred Dodd, Anthony Timothy Dodd, Aikins Frimpong and Elijah Hayes, charging them with various cocaine trafficking offenses. With respect to Dodd, the indictment charged him with one count of conspiracy to distribute or possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846. After a joint trial of the five co-defendants, the jury found Dodd guilty. Dodd moved for a new trial claiming that the verdict was contrary to the evidence. The district court granted the motion, and this court affirmed in *United States v. Dodd*, 391 F.3d 930 (8th Cir. 2004).

A second trial of Dodd alone commenced, again on the conspiracy to distribute or possess with intent to distribute charge. Dodd's theory of defense was that he was an addict-user of cocaine and not a member of a conspiracy to distribute or possess with intent to distribute. In support of its theory that Dodd was a member of the conspiracy to distribute or possess with intent to distribute, the Government presented evidence spanning the period from the beginning of the conspiracy to Dodd's ultimate arrest, of which we recite only a sampling. Laura Bentley, Michelle Lynn Bloomer, Debra Cunningham, Biundo Davis, Nello Goodman, Mary Grady, Angela Tjossem, DeAndre Williams and Melvin Yancy—all either users, co-conspirators or both—testified that Dodd was involved in the distribution of cocaine and cocaine base with Fred Dodd. Testimony revealed that undercover Officer Chuck Pettrone bought

---

[1]The Honorable Robert W. Pratt, Chief United States District Judge for the Southern District of Iowa.

an "eightball" (one eighth of an ounce) of 91 percent pure cocaine from Dodd. During this transaction, Dodd was accompanied by Tebbie Bergen, another co-conspirator. Officer Pettrone testified that the high purity of the cocaine was consistent with redistribution or resale.

Goodman also testified that Dodd served as an armed security guard for Fred Dodd. Officer Gina Clark-Hayes confirmed Dodd's role and testified that Dodd served as a look-out and conducted counter-surveillance at Fred Dodd's apartment while she made a controlled buy. Yancy testified about an altercation between Fred Dodd and a rival drug dealer concerning a territory dispute at which Dodd was present, acting as a security guard and armed with a pistol. When the altercation got physical between Fred Dodd and his rival, Dodd shot the rival.

Eventually Dodd was arrested at his residence for his suspected involvement in the conspiracy. Officer Larry Hufford, the arresting officer, testified that during the course of the arrest he saw three plastic baggies in plain view that later tested positive for cocaine residue. The baggies led to the discovery of a postal scale and packaging material in Dodd's bedroom. Officer Hufford testified that the scale was consistent with those commonly used to weigh drugs and that the packaging material was of the type used to package crack cocaine. He also discovered baby food jars containing cocaine residue in Dodd's room. Hufford testified that baby food jars typically are used to convert powder cocaine to crack cocaine.

At the close of evidence, Dodd requested a jury instruction on the lesser included offense of conspiracy to possess cocaine and cocaine base. After hearing arguments, the district court concluded that there was no evidence of a conspiracy simply to possess cocaine and cocaine base and denied the requested instruction. The jury was instructed on various aspects of a conspiracy, including the distinction between single and multiple conspiracies. Specifically, the jury was charged that "[t]he government must convince you beyond a reasonable doubt that Joseph Dodd

was a member of the conspiracy charged in the Indictment . . . . Proof that the defendant was a member of some other conspiracy is not enough." (Inst. No. 13.) The jury found Dodd guilty of conspiracy to distribute or possess with intent to distribute cocaine and cocaine base. Dodd was sentenced to 180 months' imprisonment. This time on appeal, Dodd does not challenge the sufficiency of the Government's evidence, but he challenges the district court's refusal to instruct the jury on the lesser included offense and asks this Court for a third trial.

## II.    DISCUSSION

We review the district court's formulation of jury instructions for an abuse of discretion. *United States v. Ziesman*, 409 F.3d 941, 949 (8th Cir. 2005), *cert. denied*, --- US ---, 126 S. Ct. 579 (2006). "[T]he defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." *Id.* (alteration in *Ziesman*). In the Eighth Circuit, a defendant is entitled to a lesser-included-offense instruction when: (1) a proper request is made; (2) the elements of the lesser offense are identical to part of the elements of the greater offense; (3) there is some evidence which would justify conviction of a lesser offense; (4) the proof on the element or elements differentiating the two crimes is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense; and (5) there is mutuality, i.e., a charge may be demanded by either the prosecution or defense. *Id.* The Government concedes that Dodd satisfies prongs (1) and (5). We will assume, without deciding, that Dodd satisfies prongs (2) and (3), and our analysis, therefore, will focus on prong (4).

To establish a conspiracy the Government must prove that two or more persons reached an agreement to achieve an illegal purpose, the defendant voluntarily and intentionally joined the agreement, and at the time that the defendant joined the agreement he knew its essential purpose. *United States v. Sherman*, 440 F.3d 982, 990

(8th Cir. 2006). The difference between a conspiracy to possess and a conspiracy to distribute or possess with intent to distribute is obvious: the essential purpose of the former is simply the possession of the cocaine or cocaine base and of the latter is an intent to distribute it. Under prong (4) of the aforementioned test, we conclude that the proof of this differentiating element was not sufficiently in dispute such that a rational jury could consistently find Dodd innocent of the greater offense and guilty of the lesser offense. *See Ziesman*, 409 F.3d at 949.

Contrary to Dodd's blanket assertion that the Government made "no connection" between him and the Fred Dodd conspiracy, we believe that the evidence clearly established Dodd's participation in a conspiracy to distribute or possess with intent to distribute. For example, the Government presented testimony that Dodd sold an eightball of 91 percent pure cocaine to undercover Officer Pettrone, who later testified that the purity was consistent with redistribution. Additionally, Laura Bentley, Michelle Lynn Bloomer, Debra Cunningham, Biundo Davis, Nello Goodman, Mary Grady, Angela Tjossem, DeAndre Williams and Melvin Yancy all testified that Dodd sold cocaine or was involved in the distribution of cocaine with Fred Dodd. The Government also presented evidence that Dodd served as a security guard and as an enforcer for Fred Dodd, and on one occasion shot one of Fred Dodd's rival drug dealers during an altercation. Finally, the jury heard evidence that a search of Dodd's residence revealed baby food jars with cocaine residue inside, a scale and packaging material, all of which together are consistent with the distribution of cocaine.

Dodd argues that the jury could rationally find him guilty of the lesser charge of conspiracy to possess if it chose to believe those portions of the testimony from Bentley, Bloomer, Cunnighman, Davis, Tjossem and Yancy that Dodd was a cocaine user and discredit those portions of their testimonies linking him to the Fred Dodd conspiracy. Dodd ignores the fact, however, that in order to convict him only of the lesser offense, the jury also would have to discredit the entire testimony from those

witnesses who connected Dodd to the Fred Dodd conspiracy but did not testify that Dodd was a drug user, such as Goodman, Grady and Williams; Officer Pettrone's testimony; and the physical evidence obtained from the search of Dodd's apartment. Though the jury, which has sole responsibility for assessing the credibility of witnesses, is free "to accept one or more witnesses's testimony only in part and thereby to create its own version of the facts," the district court need not give the lesser-included-offense instruction when "there is no basis upon which the jury could rationally find the defendant innocent of the more serious count, but guilty of the lesser count." *United States v. Felix*, 996 F.2d 203, 207 (8th Cir. 1993). We believe it would be irrational for a jury to disregard the overwhelming evidence establishing Dodd's participation in a conspiracy to distribute the cocaine and focus solely on the evidence establishing Dodd's possession and drug use. Consequently, we find no abuse of discretion in the district court's refusal to give Dodd's lesser-included-offense instruction.

## III.  CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

_____