# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-2204

———————

United States of America,      *
     *
     Plaintiff - Appellee,      *
     *      Appeal from the United States
     v.      *      District Court for the
     *      Eastern District of Missouri.
Victor Santoyo-Torres, also known as      *
     Antonio Torres-Liberato,      *
     *
     Defendant - Appellant.      *

———————

Submitted: January 15, 2008
Filed: February 26, 2008

———————

Before LOKEN, Chief Judge, MURPHY, Circuit Judge, and JARVEY,[1] District Judge.

———————

MURPHY, Circuit Judge.

A jury convicted Santoyo-Torres of possessing in excess of 50 grams of methamphetamine with intent to distribute, in violation of § 841(a)(1), and he was sentenced to 63 months imprisonment. Santoyo-Torres appeals, arguing that there

———————

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa, sitting by designation.

was insufficient evidence to sustain his conviction and claiming that the district court[2] abused its discretion by declining to give a jury instruction on a lesser included offense.  We affirm.

Early in the morning on November 1, 2006 Santoyo-Torres arrived at the Drury Inn in St. Louis County with no luggage.  He paid for a hotel room with cash and used a frayed Kansas driver's license to identify himself.  The county drug interdiction group had received a tip concerning drugs and Santoyo-Torres, and members of the group arrived at the Drury Inn around 8:30 am to conduct surveillance.  They saw Santoyo-Torres leave the hotel around 11:40 am carrying a box, a brown paper bag, and a plastic bag, but no luggage.  In the hotel parking lot Santoyo-Torres placed the box and bags behind the floorboard on the driver side of a blue truck with Missouri license plates.  He then got in the truck and drove away alone.

Soon after leaving the hotel, the officers observed Santoyo-Torres commit a traffic violation by failing to signal as he left a parking lot.  They stopped him and confirmed that the license plates on the truck were registered to a different vehicle, another Missouri traffic violation.  When asked for his driver license, Santoyo-Torres produced a Kansas state identification card, not the driver license he had produced at the hotel.  An officer advised him of the traffic violations and issued a citation.

Santoyo-Torres gave the officers permission to move the truck to a nearby mall parking lot because it was blocking traffic on the street.  Detective Jerome Paskiewicz entered the truck and noticed two Western Union "MoneyGram" receipts in plain view on the front seat.  The receipts were dated October 31, 2006; one bore the name Victor Torres, the other the name Armando Santoyo-Torres.  Each MoneyGram was for just under $1000, and a Western Union employee testified that any transaction of $1000

---

[2]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

or more requires the sender to present identification. When questioned about the receipts, Santoyo-Torres explained that one transfer was for his wife and the other was for his brother. In a later interview with an Immigration Customs Enforcement (ICE) agent, he admitted he was not married.

Santoyo-Torres claimed he did not have anything illegal in his vehicle and consented to a search of his truck. Officers located the brown paper bag that Santoyo-Torres had carried out of the hotel lobby. Inside the bag they found a clear plastic bag filled with a white flaky substance which was later found by the Drug Enforcement Administration (DEA) to be 138.5 grams of pure crystal methamphetamine. The bag also contained a small digital scale and a pair of men's underwear. In the truck officers discovered two cellular phones, one of which was a pay as you go phone that does not require a contract, and a piece of broken fluorescent light bulb with methamphetamine residue on it. Defendant was arrested and had $390 on his person at the time of the search.

Federal DEA agents took over the investigation because of the quantity of drugs involved. Santoyo-Torres told the agents the methamphetamine was his but declined to make a controlled delivery to further the investigation. Paskiewicz testified at trial that possession of the digital scale in conjunction with 138.5 grams of methamphetamine was consistent with an intent to distribute and inconsistent with personal use.

The government's expert witness, Jason Grellner of the Franklin County Sheriff's Department, testified at trial that in his opinion the 138.5 grams of methamphetamine was for distribution rather than personal use. He gave several reasons for that opinion. During fourteen years of investigating more than 1000 methamphetamine production and distribution cases, he had never encountered anyone possessing 138.5 grams for personal use. With a street value of $13,850, Grellner believed that amount would represent an unreasonably expensive and large

personal supply even for the most addicted users who inject methamphetamine. There were no needles present in the truck or on Santoyo-Torres, and the broken piece of light bulb was too large to be a smoking device. Grellner testified that a gram scale is a tool of the methamphetamine trade, and he had never seen a user carrying a gram scale. The substance Santoyo-Torres had been carrying was high purity crystal methamphetamine of the type typically manufactured at large laboratories outside of Missouri, not the lower purity drug produced by local manufacturers in smaller quantities. Finally, Grellner testified that narcotics traffickers commonly rely on electronic payment services such as Western Union to avoid being stopped with large quantities of cash which might be subject to seizure by law enforcement. Based on this information he believed Santoyo-Torres possessed the methamphetamine with the intent to distribute it.

After the government presented its evidence Santoyo-Torres moved for a judgment of acquittal, arguing that the government had not met its burden to prove that he was in possession of the methamphetamine with intent to distribute. The district court denied the motion. Santoyo-Torres then proffered a jury instruction on the lesser included offense of possession. The government objected, noting that the only charge in the indictment was for possession with intent to distribute and that there was no evidence to support his theory that he possessed the methamphetamine for personal use. The district court denied the motion. The jury convicted Santoyo-Torres of possessing over 50 grams of methamphetamine with intent to distribute it.

Santoyo-Torres contends that the court erred in denying his motion for a judgment of acquittal because there was insufficient evidence to convict him of possession of methamphetamine with intent to distribute. We review de novo the district court's denial of a motion for a judgment of acquittal, viewing the evidence in the light most favorable to the verdict. United States v. Hively, 437 F.3d 752, 760 (8th Cir. 2006). We will reverse a conviction only if we find that no reasonable jury

could have found the defendant guilty.  United States v. Peneaux, 432 F.3d 882, 890 (8th Cir. 2005).

We conclude that the district court did not err in denying Santoyo-Torres's motion for a judgment of acquittal.  Government witnesses with extensive experience in methamphetamine cases testified at trial that possession of 138.5 grams of methamphetamine is not consistent with personal use.  See United States v. Flores, 474 F.3d 1100, 1105 (8th Cir. 2007) (large quantity of drugs alone is sufficient evidence of intent to distribute).  The government's expert witness testified that the drug's high purity, the presence of other tools of the trade such as the digital scale, the large light bulb with traces of methamphetamine, the quantity of cash, and the two Western Union receipts for an amount just under $1,000 indicated that Santoyo-Torres intended to distribute the methamphetamine.  See United States v. Sanders, 341 F.3d 809, 816 (8th Cir. 2003) (small amount of contraband may combine with circumstantial evidence to support finding of intent to distribute).  Witnesses also testified that appellant's brief hotel stay with no luggage except one pair of clean underwear, his conflicting statements about his two forms of identification, his use of an alias, and his marital status showed an intent to distribute.  See United States v. Milam, 494 F.3d 640, 643 (8th Cir. 2007) (job of jury, not court, to assess witness credibility); United States v. Bryson, 110 F.3d 575, 585 (8th Cir. 1997) (repeated use of alias probative of consciousness of guilt).

Santoyo-Torres argues that the district court abused its discretion in refusing to give his proffered instruction on the lesser included offense of simple possession of methamphetamine.  The government responds that there was no evidence of personal use and that the evidence offered at trial pointed only to possession for sale or distribution.  We review a district court's denial of a motion for a jury instruction on a lesser included offense for abuse of discretion.  See, e.g., United States v. Lee, 374 F.3d 637, 646 (8th Cir. 2004).  Upon proper request by a party, a lesser included offense instruction is appropriate if certain requirements are met, including the proffer

of some evidence "which would justify conviction of the lesser offense." E.g., United States v. Gordon, 510 F.3d 811, 817 (8th Cir. 2007). A lesser included offense instruction is not warranted in the absence of evidence that a large quantity of narcotics was for the defendant's personal use. See United States v. Parker, 32 F.3d 395, 401 (8th Cir. 1994).

The government's expert testified that he had never seen someone possess 138.5 grams or more of methamphetamine for personal use, and the government presented circumstantial evidence which supported its theory on the intent to distribute charge. No evidence supporting a simple possession instruction was introduced. Based on the large quantity of high purity methamphetamine found in the truck, the digital scale, the cash and money order receipts, and the unusual circumstances related to his hotel stay and lack of luggage, the district court did not abuse its discretion by concluding that there was no rational basis for instructing the jury on a lesser included offense or by denying defendant's motion to give such an instruction.

For these reasons we affirm the judgment of the district court.

_____