# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2295

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Marco Anthony Ironi, | * | District of Minnesota. |
| | * | |
| Appellant. | * | |
| | * | |
| | * | |

_____

Submitted: February 14, 2008
Filed: May 13, 2008

_____

Before MELLOY, GRUENDER and SHEPHERD, Circuit Judges.

_____

GRUENDER, Circuit Judge.

A jury convicted Marco Anthony Ironi of aiding and abetting possession with intent to distribute cocaine, and the district court[1] sentenced Ironi to 120 months' imprisonment. For the reasons discussed below, we affirm.

_____

[1] The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

## I.    BACKGROUND

West Hennepin Police Department Sergeant Todd Boelter obtained information that Richard Louis Ennen and Ironi were selling cocaine and methamphetamine at 2145 Beacon Street in Roseville, Minnesota, a residence owned by Ironi where he lived and rented a room to Ennen. The residence was a small, two-story building with a lockable bedroom on the first floor occupied by Ennen and an open bedroom without a door encompassing the entire second floor occupied by Ironi. On November 16, 2005, a reliable confidential informant purchased cocaine from Ennen in a controlled buy inside the residence while Ironi was home. Sergeant Boelter then obtained a search warrant for the Beacon Street residence and Ennen's vehicle. He and other officers executed the warrant on November 17, 2005. During the search of Ironi's residence, Ironi and Ennen were both present. In the locked bedroom used by Ennen, police officers recovered 782 grams of powder cocaine, 111 grams of methamphetamine, $11,260 in cash, empty wrappers for kilograms of cocaine, a scale, a bottle of Inositol (a cocaine cutting agent), and a ledger with drug notes. The ledger detailed cocaine transactions between Ennen and Ironi over the previous fifteen months. In Ironi's bedroom, police officers recovered $1,321 in cash, drug packaging material and two bottles of Inositol, one empty and one nearly full. In a detached garage where Ennen parked his car and Ironi parked his motorcycle, police officers recovered more empty wrappers for kilograms of cocaine.

A grand jury returned a three-count superseding indictment. Count 1 of the superseding indictment charged Ennen and Ironi with aiding and abetting possession with intent to distribute approximately 782 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2. Count 2 charged Ennen and Ironi with aiding and abetting possession with intent to distribute approximately 82.7 grams of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2. Count 3 charged only Ennen with possession with intent to distribute approximately 34 grams of a mixture or substance containing methamphetamine, in

violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). Ennen pled guilty to the charges in the superseding indictment. At his plea hearing, Ennen stated that he and Ironi sold cocaine and methamphetamine from Ironi's house.

At Ironi's trial, the Government argued that Ironi aided and abetted Ennen's drug dealing by renting a room to Ennen, knowing that he was storing and selling drugs at the house. Sergeant Boelter testified that his informants told him Ennen was storing and selling drugs at Ironi's house, that one informant told him Ironi was selling drugs from the house, and that one informant observed Ennen with a large amount of cocaine and methamphetamine in Ironi's house. He also testified about the controlled buy the day before the November 17, 2005 search. Hennepin County Detective Ron Clapp testified about the results of the search of Ironi's house. Ironi argued that he only let Ennen live in his house and did not know of or participate in Ennen's drug possession or dealings at the house. He testified that he purchased drugs from Ennen at other locations but never in his house. As to the controlled buy at Ironi's house the day before the search, Ironi testified that he was either in his room or the bathroom and did not hear the transaction.

The district court prevented Ironi from calling Randy Seisler to testify about a statement Ennen had allegedly made to him about Ennen's drug dealings. Ironi's attorney initially represented to the district court that Seisler would testify that Ennen told him "that there were no drug sales being conducted from the home in Roseville." The district court determined that this statement was not against Ennen's penal interest and could not be admitted as an out-of-court statement under Federal Rule of Evidence 804(b)(3). The next day, Ironi's attorney again attempted to call Seisler, this time representing that he would testify that Ennen told him "[d]on't tell Marco. He doesn't know I'm selling drugs from his home." The district court excluded this statement because there were no corroborating circumstances that clearly indicated the trustworthiness of the statement. *See* Fed. R. Evid. 804(b)(3). The district court also permitted the Government to present evidence of Ironi's 1995 and 1997 cocaine

possession convictions over Ironi's objection. Finally, the district court denied Ironi's request for a buyer-seller jury instruction.

The jury convicted Ironi of aiding and abetting possession with intent to distribute cocaine, but it acquitted Ironi on the methamphetamine count. The district court denied Ironi's motion for judgment of acquittal and sentenced him to the statutory mandatory minimum sentence of 120 months' imprisonment and eight years' supervised release.

## II.   DISCUSSION

Ironi appeals several of the district court's rulings as well as the sufficiency of the evidence supporting his conviction. He argues that (1) the district court erred in refusing to admit Seisler's testimony of Ennen's out-of-court statement against his penal interest that tended to exculpate Ironi; (2) the district court erred in allowing the Government to admit evidence of Ironi's prior drug crimes; (3) the district court erred in not giving the jury a buyer-seller instruction; and (4) there was insufficient evidence for the jury to conclude that Ironi was guilty of aiding and abetting possession with intent to distribute cocaine.

### A.   Ennen's Out-of-Court Statement

We review a district court's evidentiary ruling on whether to admit a statement under Federal Rule of Evidence 804(b)(3) for an abuse of discretion. *United States v. Keltner*, 147 F.3d 662, 670 (8th Cir. 1998). Under Rule 804(b)(3), a hearsay statement is admissible if:

> (1) the declarant [is] unavailable to testify at trial, (2) the statement . . . tend[s] to subject the declarant to criminal liability to such an extent that no reasonable person in his position would have made the statement unless he believed it to be true, and (3) the statement [is] supported by

corroborating circumstances clearly indicating the trustworthiness of the statement.

*Id.* (quoting *United States v. Bobo*, 994 F.2d 524, 528 (8th Cir. 1992)).

While Ironi proffered two different versions of Seisler's proposed testimony, he argues on appeal that the district court erred in refusing to allow Seisler to testify about the second version, Ennen's allegedly saying "[d]on't tell Marco. He doesn't know I'm selling drugs from his home." The parties do not contest the first part of the three-part test. The second part is satisfied because the statement is an explicit admission that Ennen is selling drugs and would tend to subject him to criminal liability. As to the third part, though, the district court did not abuse its discretion in holding that the second version was not supported by corroborating circumstances clearly indicating the trustworthiness of the statement. *See id.* Instead, the circumstances show that the second version was not trustworthy. That version was undermined by Ennen's own testimony at his plea hearing when he stated that both he and Ironi sold drugs from Ironi's house. Furthermore, the first version of Seisler's testimony proffered by Ironi's counsel was dramatically different than the second version at issue in this appeal. In the first version, Ennen allegedly told Seisler "that there were no drug sales being conducted from the home in Roseville." This statement directly contradicted the second version that Ennen was selling drugs at Ironi's house. Without any corroborating evidence as to the trustworthiness of the second version, the district court did not abuse its discretion in refusing to allow Seisler to testify about Ennen's alleged out-of-court statement.

## B. Ironi's Prior Crimes

"We review the admission of evidence of prior bad acts for an abuse of discretion." *United States v. Edelmann*, 458 F.3d 791, 809 (8th Cir. 2006).

> Evidence of prior bad acts is not admissible under [Federal] Rule [of Evidence] 404(b) solely to prove the defendant's criminal disposition, but is admissible to show proof of . . . intent . . . [or] knowledge . . . . Bad acts evidence is admissible if (1) it is relevant to a material issue; (2) it is similar in kind and not overly remote in time to the crime charged; (3) it is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value.

*United States v. Jackson*, 278 F.3d 769, 771 (8th Cir. 2002) (internal quotations omitted). When prior bad acts are admitted to show intent, "the prior acts need not be duplicates, but must be sufficiently similar to support an inference of criminal intent." *Edelmann*, 458 F.3d at 809. Ironi argues that the admission of his two cocaine possession crimes from 1995 and 1997 was improper under Rule 404(b). We disagree.

First, the prior crimes are relevant to the issue of whether Ironi had the intent and knowledge necessary to convict him of the aiding and abetting charges. Ironi argues that he did not know Ennen was storing or selling drugs at his house. As we have previously held, "a prior conviction for distributing drugs, and even the possession of user-quantities of a controlled substance, are relevant under Rule 404(b) to show knowledge and intent to commit a current charge of conspiracy to distribute drugs." *United States v. Frazier*, 280 F.3d 835, 847 (8th Cir. 2002); *see also United States v. Cook*, 454 F.3d 938, 941 (8th Cir. 2006) (stating that we "have frequently upheld the admission of prior drug convictions" to show intent when a defendant denies committing a drug offense); *United States v. Gipson*, 446 F.3d 828, 831 (8th Cir. 2006) ("Evidence of prior possession of drugs, even in an amount consistent only with personal use, is admissible to show such things as knowledge and intent of a defendant charged with a crime in which intent to distribute drugs is an element.") (quotation and alteration omitted).

Second, the prior crimes are similar in kind and not overly remote in time to the crime charged. The prior crimes of possession of cocaine are similar to the aiding and

abetting possession with intent to distribute cocaine charge. *See Gipson*, 446 F.3d at 831. The two crimes occurred eight and ten years before the November 17, 2005 search and are not too remote in that they are "within the bounds of admission." *Frazier*, 280 F.3d at 847; *see also United States v. Foster*, 344 F.3d 799, 802 (8th Cir. 2003) (finding that a nine-year-old prior crime was not too remote); *United States v. Green*, 151 F.3d 1111, 1114 (8th Cir. 1998) (listing cases where prior acts from twelve and thirteen years ago were admissible).

Third, the prior crimes are supported by sufficient evidence, as Ironi does not dispute the two convictions. Fourth, any potential unfair prejudice does not substantially outweigh the probative value of this evidence. The prior crimes had probative value because Ironi argued that he did not have knowledge of Ennen's drug possession or drug dealings at his house and did not have the intent to participate in them. However, the prior possession convictions are relevant to establishing that Ironi had the intent and knowledge necessary for a jury to convict him of aiding and abetting possession with intent to distribute cocaine and methamphetamine. His prior convictions rebut his argument that he lacks intent to participate in the cocaine dealings and demonstrate that he had knowledge about cocaine and the types of materials and objects typically found in the presence of cocaine, such as scales, drug packaging materials and cocaine cutting agents. Furthermore, any prejudicial effect of admitting the prior crimes was reduced by the district court's limiting instruction to the jury that it could only consider the prior crimes to determine Ironi's intent. *See Frazier*, 280 F.3d at 848. Therefore, the district court did not abuse its discretion in admitting Ironi's prior drug crimes.[2]

_____

[2]Ironi also argues that the prior crimes are inadmissible because he felt forced to testify because they were admitted. Instead, as Ironi's counsel noted during closing argument, Ironi did not have to testify but chose to testify. Thus, Ironi made the strategic decision to testify, and the admission of the prior crimes did not force him to do so. We reject this argument.

## C.    Buyer-Seller Instruction

"We review a district court's rejection of defendant's proposed instruction for abuse of discretion, and we recognize that district courts are entitled to broad discretion in formulating the jury instructions." *United States v. Hayes*, 518 F.3d 989, 994 (8th Cir. 2008) (internal quotation and citations omitted).  Ironi argues that the district court abused its discretion in refusing to submit his buyer-seller instruction to the jury.  We have acknowledged that the use of the buyer-seller instruction in conspiracy cases may be appropriate.  *See United States v. Adams*, 401 F.3d 886, 898 (8th Cir. 2005); *United States v. Jones*, 160 F.3d 473, 481-82 (8th Cir. 1998); *United States v. Prieskorn*, 658 F.2d 631, 636 (8th Cir. 1981) ("[P]roof of a buyer-seller relationship, without more, is inadequate to tie the buyer to a larger conspiracy . . . .") (quotation omitted).  Ironi, though, was charged with aiding and abetting possession with intent to distribute cocaine and methamphetamine, not conspiracy.  We have not specifically held whether the buyer-seller instruction may also be used in an aiding and abetting case.  *See United States v. Johnson*, 495 F.3d 951, 974 (8th Cir. 2007), *petition for cert. filed*, -- U.S.L.W. --- (U.S. Feb. 19, 2008) (No. 07-9456).  However, even assuming, without deciding, that a buyer-seller instruction in an aiding and abetting case could be appropriate, the district court did not abuse its discretion in refusing to give this instruction.

A buyer-seller instruction is "not appropriate when there is evidence of multiple drug transactions, as opposed to a single, isolated sale." *United States v. Hester*, 140 F.3d 753, 757 (8th Cir. 1998).  Also, the instruction is only proper "if the evidence support[s the defendant's] theory." *United States v. Jones*, 160 F.3d 473, 481 (8th Cir.

Ironi also argues that the admission of evidence that he possessed a small amount of cocaine at the time of the November 17, 2005 search was improper. We find no basis for this argument, and he does not provide any analysis for this argument. Therefore, we find no abuse of discretion in admitting this evidence. *See* Fed. R. Evid. 401, 403.

1998).  In this case, the ledger found in Ennen's bedroom showed numerous drug transactions between Ennen and Ironi over a fifteen-month period.  This evidence of multiple drug transactions prevented the district court from giving the buyer-seller instruction to the jury.  *See Hester*, 140 F.3d at 757.  As to Ironi's theory that he was only a buyer who purchased drugs from Ennen, Ironi's testimony at trial contradicted that theory because he testified that he gave drugs to other people.  Giving drugs to others, even without receiving money in exchange, is distributing drugs under § 841(a)(1).  *Id.* at 760-61 ("Sharing drugs with another constitutes 'distribution' under § 841(a)(1).") (quotation omitted); *see also United States v. Fregoso*, 60 F.3d 1314, 1325 (8th Cir. 1995).  The evidence shows that Ironi was involved in multiple drug transactions and does not support Ironi's theory that he was only a buyer of drugs.  Therefore, the district court did not abuse its discretion in refusing to give the buyer-seller instruction to the jury.

## D.    Sufficiency of the Evidence

Ironi argues that the district court should have granted his motion for judgment of acquittal because there was insufficient evidence to support the jury's verdict and the jury's acquittal on the methamphetamine count proves that the jury could not have found Ironi guilty on the cocaine count.  We review de novo whether the district court properly denied Ironi's motion for judgment of acquittal. *See United States v. Santoyo-Torres*, 518 F.3d 620, 623 (8th Cir. 2008).  We are unpersuaded by Ironi's argument that the "inconsistent" verdicts of the jury prove that there was insufficient evidence for the guilty verdict on the cocaine count.  Even if we characterize the verdicts as inconsistent, "[w]e have previously held, when considering what are characterized as inconsistent verdicts, that we only ask whether the government presented sufficient evidence to support the conviction. We are reluctant to delve into the minds of the jurors to determine the reasons for apparently inconsistent verdicts." *United States v. Opare-Addo*, 486 F.3d 414, 416 (8th Cir. 2007) (internal citation omitted).  Thus, we turn to the sufficiency of the evidence.

"We review challenges to the sufficiency of the evidence presented at trial de novo and reverse only if no reasonable jury could find guilt beyond a reasonable doubt." *Hayes*, 518 F.3d at 993. "In conducting this review, we view the evidence in the light most favorable to the verdict, giving the verdict the benefit of all reasonable inferences." *Id.* Ironi argues that the evidence only shows that Ennen was involved in distributing cocaine and that Ironi did not know Ennen was storing and selling cocaine at his Beacon Street residence. Instead, Ironi argues he had the Inositol in his room for body building purposes and, at most, had a buyer-seller relationship with Ennen, all of which occurred at locations other than his residence.

In light of all of the evidence presented by the Government, we conclude a reasonable jury could have found Ironi guilty beyond a reasonable doubt of aiding and abetting Ennen's possession with intent to distribute cocaine. *See id.* The Government had to prove that Ironi "associated himself with the unlawful venture, he participated in the unlawful venture as something he wished to bring about, and he sought by his action to make the unlawful venture succeed." *United States v. Blaylock*, 421 F.3d 758, 773 (8th Cir. 2005). The Government presented evidence that Ironi owned the Beacon Street residence, a small, two-story building, and knew Ennen was a drug dealer when Ennen moved into the residence. Sergeant Boelter testified that informants told him Ennen and Ironi sold drugs from the residence, and Ironi was in his residence when the controlled buy between Ennen and an informant occurred the day before the November 17, 2005 search. The search revealed drug-related items in both Ennen's and Ironi's bedrooms and in their shared garage. Drug packaging materials, $1,321 in cash, and two bottles of Inositol were located in Ironi's bedroom, and empty wrappers for kilograms of cocaine were found in the garage. In addition to the cocaine, cash, empty wrappers, scale and Inositol found in Ennen's bedroom, Ennen's ledger revealed that Ironi bought cocaine from Ennen for at least fifteen months.

This evidence was sufficient for a reasonable jury to find that Ironi aided and abetted possession with intent to distribute cocaine. *See United States v. Ellefson*, 419 F.3d 859, 864 (8th Cir. 2005) (finding a jury could have reasonably found that defendant aided and abetted possession with intent to distribute cocaine because she knew the cocaine was stored in her apartment); *see also United States v. Engler*, 422 F.3d 692, 695 (8th Cir. 2005). While Ironi testified that he did not know of Ennen's activities in his residence, the jury could reject Ironi's explanation, consider the remaining evidence, and make reasonable inferences. *See United States v. Blanton*, 281 F.3d 771, 774 (8th Cir. 2002) ("[T]he jury was entitled to believe the government's witnesses and reject [the defendant's] explanations . . . ."). Viewing the evidence in the light most favorable to the verdict and making all reasonable inferences in favor of the verdict, we find that there was sufficient evidence for the jury's verdict.

## III.    CONCLUSION

For the foregoing reasons, we affirm Ironi's conviction.

_____