# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1494

_____

United States of America,

        Appellee,

v.

Joseph Dodd, also known as
Shakespeare,

        Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Southern District of Iowa.
\*
\*   [UNPUBLISHED]
\*
\*

_____

Submitted:  December 3, 2008
Filed:  December 8, 2008

_____

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Joseph Dodd appeals the district court's[1] denial of his Federal Rule of Criminal Procedure 33 motion for a new trial based on newly discovered evidence. We affirm.

Dodd was convicted in May 2006, following a jury trial, of conspiring to distribute cocaine base. This court affirmed the conviction. See United States v. Dodd, 473 F.3d 873, 875-76 (8th Cir. 2007). With his new-trial motion, Dodd

_____

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

submitted a letter and affidavit from his brother, Anthony Dodd (Anthony), in which Anthony stated that he and Dodd look so much alike that people think they are twins, although they are not. Anthony further stated that he was the one present during a controlled drug buy, rather than Dodd, and that witnesses were mistaken when they testified about events at the location of the controlled buy involving Dodd, as Anthony was the one involved and Dodd was not present.

The district court did not abuse its discretion in denying Dodd's motion. See United States v. Duke, 255 F.3d 656, 659 (8th Cir. 2001) (standard of review; requirements to justify new trial under Rule 33). First, the district court gave valid reasons for finding the assertions in Anthony's affidavit to be "highly suspect": he was serving a life sentence with nothing to lose, and his assertions could help his brother. See United States v. Grey Bear, 116 F.3d 349, 350 (8th Cir. 1997) (it is district court's job to decide whether newly discovered evidence is credible). Second, the affidavit is essentially impeachment evidence, see United States v. Dogskin, 265 F.3d 682, 687 (8th Cir. 2001) (impeachment testimony rarely justifies new trial based on newly discovered evidence), and we agree with the district court that there was evidence of Dodd's guilt even without the challenged testimony that would make the possibility of acquittal unlikely, see United States v. Womack, 191 F.3d 879, 886 (8th Cir. 1999). Finally, we conclude that the district court did not err in declining to conduct an evidentiary hearing. See United States v. Baker, 479 F.3d 574, 579 (8th Cir. 2007) (necessity of hearing lessened where trial judge had opportunity to observe demeanor and weigh credibility of witnesses at trial); Dogskin, 265 F.3d at 687 (absent exceptional circumstances, new trial motion based on new evidence may be decided on affidavits without hearing).

Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____