# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 13-1812

———————————————————

United States of America

*Plaintiff - Appellee*

v.

Robert Joseph Jangula

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of North Dakota - Bismarck

——————————

Submitted: September 23, 2013
Filed: November 21, 2013

——————————

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

——————————

LOKEN, Circuit Judge.

A jury convicted Robert Joseph Jangula of conspiracy to distribute or possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841 and 846. Jangula appeals his conviction, arguing the district court[1] erred by refusing to instruct the jury

——————————————————

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

on the lesser included offense of conspiracy to possess marijuana. Concluding there was no trial evidence that would justify conviction of this lesser offense, we affirm.

Jangula and seven others were indicted for conspiring to distribute or possess with intent to distribute more than 100 kilograms of marijuana. He was tried jointly with co-defendants Levi Carolin and David Harter. The government's central trial witness was Jason "Fish" Sveund, who pleaded guilty to distribution of a controlled substance. Sveund testified that he grew up in North Dakota, where he began using and selling marijuana in middle school; lived for some years in Montana; and moved back to North Dakota in 2006. Prior to and during the alleged conspiracy period, January 2006 to December 2010, Sveund purchased large quantities of marijuana from suppliers in Montana and California, including Carolin, and resold it in multi-pound quantities to numerous customers, including Jangula and Harter. Sveund testified that over the course of several years, he "fronted," i.e., sold on credit, a pound of marijuana to Jangula approximately once a month, for an estimated total of thirty to forty pounds. Some time after a sale, Sveund would call Jangula to "see if he got rid of it all yet and he said, no, he wasn't quite done and he didn't have the money gathered up yet" to pay for the previous amount and receive more on credit. Sveund also testified that he stored ten to twenty pounds of marijuana at Jangula's residence in 2009; in return, he "probably" gave Jangula a discount. Another conspirator, Bryan Westrick, testified that he learned from Sveund that Jangula "got rid" of marijuana for Sveund and that Sveund kept drugs at Jangula's house.

At trial, Jangula's attorney attacked the credibility of the prosecution's witnesses, primarily Sveund. The defense argued to the jury that Jangula was a user of marijuana and nothing more, emphasizing the testimony of Shane Colis, who admitted purchasing marijuana from Sveund and knew Jangula only as a "casual consumer" of marijuana, and of other conspirators who testified they knew Jangula but did not know he was involved in selling marijuana. There was no physical evidence connecting Jangula to the conspiracy.

Prior to trial and at the close of the evidence, Jangula timely requested a lesser included offense instruction, namely, "whether the defendant conspired to possess marijuana." The district court declined to give that instruction, and the jury returned verdicts convicting all three defendants of "conspiracy to possess with intent to distribute and distribute" marijuana. On appeal, Jangula argues he was entitled to an instruction on the lesser included conspiracy offense because the trial testimony of witnesses other than Jason Sveund permitted a rational jury to find that Jangula was no more than a "casual consumer" of marijuana, not a participant in Sveund's conspiracy to distribute.

It is well-established that a defendant is entitled to a lesser included offense instruction "if all of these elements are present: (1) a proper request is made; (2) the elements of the lesser offense are identical to part of the elements of the greater offense; (3) there is some evidence which would justify conviction of the lesser offense; (4) the proof on the element or elements differentiating the two crimes is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense; and (5) there is mutuality, i.e., a charge may be demanded by either the prosecution or the defense." United States v. Gentry, 555 F.3d 659, 667 (8th Cir. 2009). In drug cases, the issue has arisen most frequently in connection with the substantive possession offenses at issue in Gentry. In such cases, we typically look at whether there was some evidence the defendant intended merely to use the drugs that he or she possessed, rather than to distribute the drugs, for example, by reselling them to others. Thus, the instruction is "properly refused when the defendant possessed quantities exponentially greater than the user amount." Id. at 668; see United States v. Santoyo-Torres, 518 F.3d 620, 624 (8th Cir. 2008); United States v. Parker, 32 F.3d 395, 401 (8th Cir. 1994).

Though less frequently, we have also applied the lesser-included-offense standard in drug conspiracy cases. See United States v. Dodd, 473 F.3d 873, 876-77 (8th Cir.), cert. denied, 550 U.S. 948 (2007); United States v. Miller, 939 F.2d 605,

609-10 (8th Cir. 1991); United States v. O'Meara, 895 F.2d 1216, 1219-20 (8th Cir.), cert. denied, 498 U.S. 943 (1990). The element differentiating the two conspiracy offenses is the object of the alleged conspiracy. Conspiracy to distribute or possess with intent to distribute requires proof that two or more people agreed to distribute a controlled substance. On the other hand, conspiracy to possess requires proof that the purpose of the agreement was only to possess a controlled substance. Dodd, 473 F.3d at 876. Consistent with our decisions in substantive possession cases, if there is no evidence "that the defendant sought to possess [the drugs in question] for personal use," then there is no evidentiary basis for an instruction that he conspired -- that is, agreed with others -- to commit only the lesser included *conspiracy* offense. Miller, 939 F.3d at 609; see O'Meara, 895 F.2d at 1220.

Here, Sveund testified that he sold Jangula thirty to forty pounds of marijuana over a two- to three-year period, an amount inconsistent with personal use, and that Jangula purchased about one pound per month on credit. When Sveund was looking to sell more, "I would call [Jangula] and see if he got rid of it all yet, and he said, no, he wasn't quite done and he didn't have the money gathered up yet." Both Sveund and Westrick testified that Jangula sold marijuana on Sveund's behalf and stored some of the marijuana at the farm where Jangula lived. This testimony, if believed by the jury, was more than sufficient to prove that Sveund and Jangula conspired (agreed) to possess substantial quantities of marijuana for the purpose of distributing it to others.

By contrast, there was no evidence of an *agreement* between Jangula and any other person for the purpose of simply possessing marijuana, the lesser offense. Shane Colis's testimony that Jangula was a "casual consumer" of marijuana was some evidence of possession for personal use, but it was not evidence relating to the purpose of the charged conspiracy. Jangula's defense at trial was that he did not conspire with anyone, and certainly was not involved in the distribution of more than

100 kilograms of marijuana. Neither Jangula nor the government presented evidence pointing to a conspiracy to possess rather than to distribute marijuana. All the evidence pointed to the participants' extensive, multi-state efforts to *distribute*. Thus, the evidence would not have allowed a rational jury to find Jangula not guilty of the greater offense, conspiracy to distribute marijuana, and guilty of the lesser offense, conspiracy to possess. See Dodd, 473 F.3d at 876-77. Sveund testified to an extensive conspiracy to distribute marijuana in which Jangula participated by storing and reselling distribution quantities. If the jury had discredited that testimony, as Jangula urged, it would have acquitted him of all conspiracy charges. See United States v. Gilmore, 438 F. App'x 654, 658 (10th Cir. 2011), cert. denied 132 S. Ct. 1729 (2012) ("Gilmore's request for an instruction on conspiracy to possess methamphetamine is, in essence, a request for an instruction concerning a different, uncharged conspiracy, not a lesser included offense of the charged conspiracy."). On this record, the district court did not err by refusing to give the requested instruction.

The judgment of the district court is affirmed.

_____